**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIAM GAIGE,

     Plaintiff - Appellant,

v.

SAIA MOTOR FREIGHT LINE, LLC, a
Louisiana limited liability company,

     Defendant - Appellee.

No. 15-6191
(D.C. No. 5:14-CV-00470-BA)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **PHILLIPS**, and **MORITZ**, Circuit Judges.
_____

After William Gaige was fired from his job while on leave from work under the Family and Medical Leave Act, 29 U.S.C. §§ 2601-54 ("FMLA"), he sued his former employer, SAIA Motor Freight Line, LLC, for interference with his FMLA-created rights in violation of 29 U.S.C. § 2615(a)(1).[1] During the litigation, the district court made three rulings based on Federal Rule of Evidence 403 that Gaige claims were abuses of discretion. On these grounds, Gaige seeks reversal of the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Appellant sued for retaliation for exercising his rights under the FMLA in violation of 29 U.S.C. § 2615(a)(2), but later elected to proceed only on his interference claim.

district court's denial of his Motion for New Trial. The district court acted within its discretion in finding that the proposed evidence's unfair prejudice substantially outweighed its probative value. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

### I.    Facts

Weeks before losing his job, Gaige broke his ankle playing soccer. But weeks before that, SAIA had started investigating him for a conflict of interest. On October 21, 2013, after a caller left an anonymous tip on SAIA's hotline, SAIA began investigating Gaige for a conflict of interest. The caller accused Gaige of using his SAIA contacts to generate business for a side venture. Initially, SAIA's internal-audit group conducted the investigation without involving Gaige's supervisors. SAIA planned to continue investigating Gaige during its November audit of the Oklahoma City terminal, where Gaige worked.

On November 15, 2013, Gaige broke his ankle playing soccer. Gaige applied for FMLA leave after his regional manager, Rodney Warmke, insisted he take it. On December 12, 2013, he received approval and his leave dated back to November 25, 2013.

Meanwhile, between Gaige's injury and his FMLA-leave approval, SAIA continued investigating Gaige. SAIA discovered that a small transport company named Batak, LLC was registered to Gaige's wife. Although SAIA is a national freight transporter, SAIA determined that Batak conflicted with some of its

2

operations. SAIA concluded that the conflict violated company policy and was grounds for termination. On December 18, 2013, though Gaige was on FMLA leave, SAIA fired him.

## II.    Procedural History

Gaige sued SAIA for interference with his FMLA rights under 29 U.S.C. § 2615(a)(1). Before trial, SAIA moved in limine to exclude evidence of past discrimination from former SAIA employees. The district court excluded (1) testimony from Theodies Nelson, a former SAIA employee who had earlier taken FMLA leave; (2) references to the case *Gray v. SAIA Motor Freight Line, Inc.*, No. CJ-2001-2844 (Dist. Ct. Okla.) ("*Gray* case"), a workers'-compensation suit that SAIA lost;[2] and (3) testimony about SAIA's FMLA policies from David Crites, a former SAIA employee who worked in SAIA's Indiana terminal.

During his case-in-chief, Gaige introduced evidence to disprove that SAIA fired him for a conflict of interest. Gaige testified that Batak's operations differed from SAIA's. A former SAIA employee from SAIA's Salt Lake City terminal, Gary Holyoak, testified that SAIA fired him after he had taken FMLA leave. He also testified that SAIA had a policy of disciplining employees who take FMLA leave.

In its jury instructions, the district court stated that Gaige had satisfied the first two elements of his interference claim and that SAIA had the burden of proving that Gaige's termination was unrelated to his FMLA leave. The jury returned a verdict for

---

[2] The district court agreed to allow references to the *Gray* case if SAIA opened the door at trial.

3

SAIA, and Gaige filed a Rule 59 Motion for New Trial, arguing that the district court's three evidentiary exclusions made the trial unfair. The district court denied the motion. We consider each of the three evidentiary rulings below and hold that the district court acted within its discretion.

## DISCUSSION

On appeal, Gaige argues that the district court erroneously excluded past-discrimination evidence. He seeks reversal of the district court's denial of his Motion for New Trial on this ground. We first discuss the evidence's relevancy within an FMLA claim's context. We then conclude that the district court acted within its discretion in excluding the evidence because it properly applied factors to determine the evidence's relevance, instead of applying a *per se* rule, and excluded the evidence under Federal Rule of Evidence 403. Thus, we affirm the district court's denial of Gaige's Motion for New Trial.

### I.     Standard of Review

We review the district court's evidentiary exclusions for abuse of discretion. *Frederick v. Swift Transp. Co.*, 616 F.3d 1074, 1083 (10th Cir. 2010). A district court abuses its discretion "only when it makes a clear error of judgment, exceeds the bounds of permissible choice, or when its decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment." *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1309 (10th Cir. 2015) (quoting *Queen v. TA Operating, LLC*, 734 F.3d 1081, 1086 (10th Cir. 2013)). We will affirm the "district court's evidentiary ruling 'absent a distinct showing it was based on a clearly

4

erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment.'" *Eller v. Trans Union, LLC*, 739 F.3d 467, 474 (10th Cir. 2013) (quoting *Cartier v. Jackson*, 59 F.3d 1046, 1048 (10th Cir. 1995)).

## II. Relevant Evidence and the FMLA

Generally, relevant evidence is admissible, and irrelevant evidence is inadmissible. Fed. R. Evid. 402. Relevant evidence is evidence having "any tendency to make a fact more or less probable than it would be without the evidence" when "the fact is of consequence in determining the action." Fed. R. Evid. 401. The relevance of past discrimination is "determined in the context of the facts and arguments in a particular case, and thus [is] generally not amenable to broad *per se* rules." *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008). Still, the district court can exclude relevant evidence when "its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.

### A. FMLA-Interference Claim

We examine the evidence's relevance within the context of an FMLA-interference claim. *See Sprint*, 552 U.S. at 387 (explaining that relevance is determined within the context of a particular case). For an FMLA-interference claim, an employee must prove: "(1) that he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with his right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of his FMLA rights." *Jones v. Denver Pub. Sch.*, 427 F.3d 1315, 1319 (10th Cir. 2005). After the employee proves the first two elements, the burden shifts to the employer to

prove that the adverse decision was "[un]related to the exercise or attempted exercise of [the employee's] FMLA rights." *Dalpiaz v. Carbon Cty.*, 760 F.3d 1126, 1132 (10th Cir. 2014) (second alteration in original) (quoting *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007)). When the employer satisfies its burden, the burden never shifts back to the employee to prove pretext because "intent is not necessary [to prove] FMLA interference claims." *Brown v. ScriptPro, LLC*, 700 F.3d 1222, 1228 (10th Cir. 2012) (citing *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1180 (10th Cir. 2006)).

Here, the first two elements are undisputed. The parties agreed that (1) Gaige was entitled to FMLA leave (element 1); and (2) Gaige's termination constituted an "adverse action" that interfered with Gaige's FMLA rights (element 2). So SAIA had the burden of proving it fired Gaige for an unrelated reason. And because Gaige satisfied the first two elements, Gaige's past-discrimination evidence could have only been relevant to dispute SAIA's unrelated-reason evidence. *See Brown*, 700 F.3d at 1228 (analyzing pretext evidence in an interference claim as offered to dispute the employer's evidence).

### B.     Nexus Between Past Discrimination and Plaintiff's Circumstances

The relevance of past-discrimination evidence is determined by finding a nexus between it and the plaintiff's circumstances. *See Minshall v. McGraw Hill Broad. Co.*, 323 F.3d 1273, 1282 (10th Cir. 2003). Whether a logical nexus exists "depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *See Sprint*, 552 U.S. at 388. And it

is an abuse of discretion for a district court to apply *per se* rules of exclusion. *Id.* at 387. Some relevant factors include: i) proximity in time; ii) the decision-makers involved; and iii) similar treatment of the witness and plaintiff. *Griffin v. Finkbeiner*, 689 F.3d 584, 599 (6th Cir. 2012).

The district court applied these factors and ultimately excluded the evidence under Rule 403. The following three subsections analyze the district court's evidentiary exclusions.

### 1. *Theodies Nelson*

Gaige contends the district court excluded Nelson's testimony by applying a "same supervisor" requirement. Had the district court applied such a *per se* rule of exclusion, Gaige is correct that it would have abused its discretion. *Sprint*, 552 U.S. at 388. But the record shows that the district court did not apply a *per se* rule. Rather, it examined the evidence's relevance under Rule 401 and its admissibility under Rule 403.

From 2008 to 2011, Nelson worked as a dock supervisor at SAIA's Burr Ridge, Illinois terminal. Nelson alleges that SAIA fired him for taking FMLA leave. In its Rule 401 analysis, the district court properly analyzed the nexus between Nelson and Gaige. Noting that Nelson and Gaige had worked in different regions under different supervisors, the district court concluded that Nelson's testimony was minimally relevant. The district court stated that it was a "very thin read to say that [Nelson's testimony has] a tendency to make it more likely than not that Mr. Gaige

7

had his FMLA rights interfered with because someone in a different region had this happen." Appellee Supp. App'x vol. 4, 894.

The district court applied Rule 403 to exclude the testimony. "[T]he district court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The district court balanced the testimony's minimal relevance against its risk of creating an illogical inference and leading to a mini-trial. We find the district court acted within its discretion in excluding the testimony.

### 2. *Gray Case*

Gaige contends the district court erroneously applied a "same supervisor" requirement to exclude references to the *Gray* case. But again, the record shows that the district court considered the evidence's relevance under Rule 401 and excluded it under Rule 403.

The *Gray* case involved a former-SAIA employee who claimed retaliation for taking workers'-compensation benefits and involved allegations that SAIA had fabricated evidence. In its relevancy analysis, the district court examined the differences between the *Gray* case and Gaige's termination, including differences between the supervisors, the claims, and the timing. Ultimately, the district court excluded the evidence under Rule 403 for unfair prejudice. Unfair prejudice exists when the evidence has a tendency to suggest a decision on an improper basis. *United States v. Cerno*, 529 F.3d 926, 935 (10th Cir. 2008). Finding that the evidence

8

provoked this type of response, the district court stated, "I can easily see a jury going back and saying 'You know, these [SAIA] guys deserve to lose every single lawsuit [because] they fabricate evidence.'" Appellee Supp. App'x vol. 4, 863–67. The district court acted within its discretion when it excluded the evidence on this basis.

### 3. *David Crites*

Finally, we consider whether the district court abused its discretion when it excluded testimony from David Crites about SAIA's FMLA policies. The district court excluded Crites's testimony based on Federal Rules of Evidence 602 and 403, not on a *per se* "same supervisor" rule, as Gaige contends.

Crites attended a national- and Chicago-regional-SAIA meeting where he heard supervisors discuss a policy of terminating employees who take FMLA leave. The district court worried that Crites lacked personal knowledge of SAIA's nationwide policy, so it conducted voir dire. *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). During voir dire, Gaige's attorney failed to establish foundation for Crites's testimony that SAIA had a national policy of discrimination. When Crites was at the national meeting, he heard the discussions in a breakout session for SAIA's eastern region. And the two supervisors leading the session worked in SAIA's eastern region. The same two supervisors led the discussion at the Chicago-regional meeting.

Because Crites lacked information about the SAIA-western-regional policy, where Gaige worked, the district court concluded that Crites lacked proper

9

foundation to testify about SAIA's national policy. The district court was concerned the jury would unfairly attribute the statements of two supervisors to SAIA as a whole. Because of these Rule 602 concerns, the district court acted within its discretion in excluding the evidence under Rule 403.

## CONCLUSION

Because Gaige's appeal for a new trial depends on a finding that the district court abused its discretion in excluding the evidence and we find that the district court acted within its discretion in excluding the evidence, we affirm the district court's denial of Gaige's Motion for New Trial.

Entered for the Court

Gregory A. Phillips
Circuit Judge

10